FILED

2023 Jul-06  PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TRAVELERS COMMERCIAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2:23-cv-000789-ACA** |
| | ) | |
| **ROBERT MARLIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT JASON MARLIN'S MOTION TO ABSTAIN PURSUANT TO RULE 12(b)(1) AND MOTION TO DISMISS COVERAGE CLAIMS

Jason Marlin ("Jason") severely fractured his left tibia after falling from the roof of the residence owned by his parents, Robert and Donna Marlin ("the Marlins"). The Marlins initiated a claim with Travelers Commercial Insurance Company ("Travelers") under their homeowner's insurance policy. Travelers denied their claim.

Thereafter, Jason filed an action in state court ("the underlying action") against the Marlins, alleging negligence and wantonness, for their failure to warn him about the slippery condition of their metal roof, prior to his fall. (CM/ECF Doc. 1, Ex. B, ¶¶7-13). Through attorneys selected and hired by Travelers, the Marlins have denied all material allegations in Jason's complaint, including his

1

claim that he was "invitee" – or transient visitor – at their home at the time of the fall. (Defendant's **Exhibit A**, ¶16).

Now, Travelers seeks a declaration that it has no duty to defend or indemnify the Marlins in the underlying action. (Doc. 1).  Specifically, Travelers asks this Court for a judgment declaring that coverage of Jason's underlying claims are excluded because, at the time of his fall, he met the definition of an "insured", as that term is defined in the policy.  Travelers claims Jason meets the definition of an "insured" under the policy, because he was a "resident" of the Marlins household. (*Id.*, ¶¶ 28-33).

In response, Jason prays this Honorable Court will exercise its discretion to abstain from this action, because the factors set out in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) weigh in favor of abstention.  First, Travelers' "resident exclusion" claim in this case conflicts and overlaps with Jason's claim in the underlying case that he was an "invitee" – or transient visitor – at his parents' home at the time of the fall.  Second, Alabama has a compelling interest in resolving the overlapping legal and factual issues presented in these concurrent proceedings.  Third, inconsistent rulings between two separate forums on these issues could increase the friction between state and federal courts.  Fourth, any judgment entered in this case would not settle the controversy between the parties.  Fifth, Travelers appears to be using this matter as a "procedural fence" to

2

block the state court from resolving these overlapping factual and legal issues.

Sixth, there is an alternative remedy: Travelers could intervene in the underlying

action, or it could file a separate declaratory judgment action in state court.[1]

Additionally, Travelers claim for declaratory relief as to its duty to

indemnify is not ripe and should be dismissed.  Finally, Travelers duty to defend

claim is due to be dismissed, because Jason's complaint alleges an "occurrence"

that comes within the coverage of the policy, triggering Traveler's duty to defend

the Marlins in the underlying action.

For any and all of these reasons, Jason moves this Court to exercise its

discretion by abstaining from this proceeding.

I.      **ARGUMENT AND CITATION OF AUTHORITY**

**A. This Court has discretion to abstain from this declaratory judgment
    action.**

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides federal courts

with substantial discretion in deciding whether to entertain such actions.  *See*

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v.Excess Ins. Co. of*

*America*, 316 U.S. 491 (1942).  Rule 12(b)(1) is the proper mechanism for

requesting abstention. *See, e.g., Nat'l Trust Ins. Co. v. S. Heating & Cooling,*

---

[1] Jason has not addressed the third and ninth *Ameritas* factors in this motion,
because the application of those factors to this case are subsumed in the arguments
set out below.

*Inc.*, 2020 U.S. Dist. LEXIS 39237, *1 (Granting defendant's Rule 12(b)(1) motion to abstain from declaratory judgment action pursuant to the principles of federal judicial discretion in declaratory judgment actions); *see also Belvich v. Thomas*, 2018 WL 1244493, at *2 & n.4 (N.D. Ala. March 9, 2018).

Under the *Brillhart-Wilton* doctrine, "the traditional concepts of federalism, efficiency and comity" guide a federal courts decision in whether to entertain these actions. *Ameritas*, 411 F.3d at 1332.   Conversely, "'[t]he desire of insurance companies . . . to receive declarations in federal court on matters of purely state law has no special call on the federal forum.'" *Wesco Ins. Co. v. Southern Mgmt. Servs., Inc.*, 2017 WL 1354873, at *1 (N.D. Ala. April 13, 2017)(quoting *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1233 (S.D. Ala. 2006)); *see also State Auto Ins. Co. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000).   "Special flexibility is called for in the declaratory judgment context, where the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Mid-Continent Cas. Co. v. Northstar*, 297 F. Supp. 3d 1329, 1334 (S.D. Fla. 2018).

Courts often apply these principles in dismissing or staying cases where an insurance company requests a declaration that it has no duty to defend or indemnify an insured who has been sued in state court, including cases where

the plaintiff-insurance company is not a party to the underlying action. *See, e.g. Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*, 2020 U.S. Dist. LEXIS 39237, *16(11th Cir. 2021)(applying *Ameritas* factors in abstaining from declaratory judgment action where plaintiff-insurer was not a party to underlying state court action); *Mid-Continent Cas. Co. v. Northstar*, 297 F. Supp. 3d at 1335; *See also First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) ("[N]othing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues."). *Cf. Brillhart*, 316 U.S. at 493 (plaintiff-insurer in the federal declaratory-judgment action was not a party to the underlying state-court action when the declaratory-judgment action was filed).

To guide District Courts in exercising that discretion, the Eleventh Circuit developed the *Ameritas* factors: (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case

not otherwise removable; (5) whether the use of the declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.  411 F.3d at 1331.

In this case, the application of the *Ameritas* factors weighs in favor of abstention.

### B. Application of the *Ameritas* factors

#### (1) The underlying factual issues are important to an informed resolution of this case.

The instant issue of whether Jason is an "insured" under the policy overlaps with facts at issue in the underlying action.  This instant issue turns on whether Jason was a "resident" of the Marlins "household" at the time of his fall. Travelers claims Jason was a resident because, as it argues, he "held himself out as a resident of his parents' house and had established residency there" at the time of his fall.

However, in the underlying action, Jason claims he was an "invitee" – or

transient visitor – at the Marlins residence. *See Autry v. Roebuck Park Baptist Church*, 285 Ala. 76, 229 So.2d 469 (1969)("An *invitee* is a visitor, a transient who enters property at the express or implied invitation of the owner or occupier for the material or commercial benefit of the occupier.")  If Jason is ultimately found to have "established residency" at this parent's home, then he would not meet the definition of an "invitee" under Alabama law, and the Marlins would not be liable for his injuries.  In any event, discovery into the issue of Jason's "invitee" status at the residence will include an inquiry into whether he was "residing" there at the time of his fall.

Thus, Travelers request to declare whether Jason meets the definition of an "insured" under the policy should be dismissed, because that issue is inextricably intertwined with factual issues in the underlying action. *See, e.g., Emps. Ins. Co. of Wausau v. Pool*, 2023 U.S. App. LEXIS 16344, *3 (11th Cir. 2023)(affirming District Court's abstention in declaratory judgment action "most principally because" a determination of whether defendant was an "insured" under the terms of an insurance policy "overlapped" with facts at issue in underlying action); *see also Houston Specialty Ins. Co. v. La Gazzetta, LLC*, 2015 WL 9258096, at *2 (S.D. Fla. Dec. 18, 2015)("likely overlap in the fact-finding between concurrent state and federal actions" weighed in favor of abstention).

### (2) The strength of the state's interest in having the issues raised in this federal declaratory judgment action decided in state court.

In *National Trust*, *supra*, the Eleventh Circuit found "no error" in the district court's conclusion that "Alabama has a compelling interest in determining the issues raised in the declaratory judgment action, given that [the insured] is an Alabama company, the underlying insurance policy was issued in Alabama, and the decedents were Alabama residents." 12 F.4th at 1288. The same reasoning applies here.

The coverage issues in this action are governed by state contract law. The parties to that action are all citizens of Alabama. The injuries Jason suffered happened in Alabama, and his tort claims against the Marlins are governed by Alabama law. The insurance policy at issue in this case was issued in Alabama to citizens of Alabama. Thus, Alabama has a stronger interest in resolving these factual issues than this Court.

### (3) The state court is in a better position to evaluate those factual issues than this Court.

The underlying action has been pending in state court for almost four months. In that action, Jason bears the burden of proving that he was an "invitee" at the Marlins residence. The Marlins have denied Jason's "invitee" claim, presumably based on its defense that Jason was an "established resident" of the Marlins household. The parties to that action have exchanged some written discovery and party depositions are being planned. Dispositive motions

on the "invitee" issue are likely and anticipated.  Ultimately, the state court will resolve the "invitee" issue.  That determination will also resolve the only factual issue in this case: whether Jason was a "resident" of the Marlins household at the time of his fall.  Considering the overlap of evidence that may be presented in this case and the underlying action, this factor weighs in favor of abstention.

### (4) Any judgment in this declaratory action would not settle the controversy between the parties.

Even if Travelers prevailed on its declaratory judgment claim as to coverage, a bad faith claim against it would still remain potentially viable, if Jason were to obtain an excess verdict in the underlying action.  In any event, any declaratory judgment rendered in this case would not settle the controversy between all parties, because the underlying action would continue even in the absence of Travelers defending it.  Thus, litigating these issues in two separate forums would provide the parties with a "just, speedy, and inexpensive determination" of this dispute. *See National Trust*, 2020 U.S. Dist. LEXIS 39237, *13 ("This factor alone runs afoul to Rule 1 of the Federal Rules of Civil Procedure and the Alabama Rules of Civil Procedure, wherein each provide that the rules governing all civil actions 'shall be construed, administered, and employed by the court and the parties *to secure the just, speedy, and inexpensive determination* of every action and proceeding.' Rule 1,

9

Fed.R.Civ.P. (emphasis added). See also Rule 1, Ala.R.Civ.P.")(emphasis in original).

On the contrary, as stated above, the underlying action will fully resolve the controversy between the parties. This weighs in favor of abstention. *Allstate Indem. Co. v. Ivey*, 653 F. Supp. 2d 1215, 1217 (N.D. Ala. 2009) (quoting *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982)("A district court has discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully and finally resolve the controversy between the parties.'")

Further, the exercise of federal jurisdiction here would waste judicial resources, multiply the litigation burdens on the parties, risk inconsistent rulings, and foster an appearance of disregard for the authority and expertise of the state court. The unnecessary time and expense incurred from seeking duplicative evidence and rulings in two separate forums could be avoided through abstention.

### (5) Travelers use of this declaratory action could increase the friction between our federal and state courts and improperly encroach on state jurisdiction.

Courts weighing the *Ameritas* factors have cautioned that "[a] federal court without a strong interest in the matter, deciding exclusively state-law questions, could increase the friction between . . . federal and state courts.

10

*Metro. Prop. & Cas. Ins. Co. v. Butler*, 2016 WL 2939633, at *3 (N.D. Ala. May 20, 2016) (citation omitted).  Considering the strength of the state's interest in resolving the present factual issues, this Court should abstain from this declaratory judgment action.  Furthermore, there is a risk of inconsistent rulings should this case be allowed to proceed, given the overlapping factual and legal issues concerning Travelers claims in this case and Jason's claims in the underlying action. *Gibson v. Jackson*, 578 F.2d 1045, 1049-50 (5th Cir. 1978)("When declaratory relief is sought with respect to issues presented in a pending state civil proceeding, ... the possibilities of inconsistent judgments from both forums promises increased friction."); *Gold-Fogel v. Fogel*, 16 F.4th 790 (11th Cir. 2021)("It would also be inefficient — and perhaps worse, if the two courts arrived at inconsistent determinations — for both the federal district court and the state court to address the claims pending in their jurisdiction.").

> **(6) Travelers appears to be using this declaratory remedy for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable.**

The parties to the underlying action are all Alabama citizens.  Therefore, that case is not removable to this Court.

Travelers brings this declaratory judgment action pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Travelers appears to be using this action to secure a federal forum and a res judicata defense to the "invitee" issue

in the underlying action.   This effort suggests Travelers is using this matter as a "procedural fence" to block the state court from resolving these overlapping factual and legal issues. *State Farm Fire & Cas. Co. v. Hardy*, 2020 U.S. Dist. LEXIS 21407, *20 (S.D. Ala. 2020)("State Farm's decision to bring suit here suggests an attempt at *procedural fencing—i.e., bringing a controversy into federal court that otherwise would not be removable*.")(emphasis added).

### (7) There is a better or more effective alternative remedy.

Rather than bringing this action here, Travelers could intervene in the underlying action, or it could file a separate declaratory judgment action in state court.  The state court could either stay the underlying action and hear the coverage issue separately or address it separately after the Marlins liability is determined at trial.

### C. Travelers claim for declaratory relief as to its duty to indemnify is not ripe and should be dismissed.

Travelers claim for declaratory relief as to the duty to indemnify is not ripe and should be dismissed.  In declaratory judgment actions, duty to indemnify claims are "not ripe until the insured's liability [is] established because the issue 'might never arise.'" *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (quoting *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)).

12

Travelers asks this court to make a coverage declaration based upon hypothetical liability that may never happen.  Because litigation in the underlying action is ongoing, Travelers liability has not been established.  Thus, Travelers requested declaration as to its duty to indemnify is due to be dismissed, because that claim is not ripe. *Mid-Continent Cas. Co., 766 F. App'x at 770* ("[A]n insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established."); *see also J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."); *Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize.").

In its Response [Doc. 10] to this Court's Show Cause Order [Doc. 3], Travelers avers its duty to indemnify claim is ripe, because the facts of the underlying action "will have no bearing" on its requests for coverage declarations in the instant case.  According to Travelers, the facts of the underlying case would not resolve the issue presented in this case: whether Jason is an "insured", as that term is defined under the policy, such that the exclusion of coverage for bodily

13

injury applies.  As Travelers logic goes, if this Court determines Jason is an "insured" under the policy, the coverage exclusion for his bodily claim would apply, and Travelers would have no duty to defend or indemnify the Marlins in the underlying action.

However, as set above, the overlapping factual and legal issues presented in the underlying action will have significant bearing on the coverage issues presented in this case.  Thus, Travelers arguments to the contrary are in error.

**D. Travelers "duty to defend" claim is due to be dismissed, because Jason's Complaint alleges an occurrence that comes within the coverage of the policy, triggering Traveler's duty to defend the Marlins in the underlying action.**

In *United States Fidelity & Guaranty Co. v. Armstrong*, 479 So. 2d 1164, 1167, the Alabama Supreme Court stated:

> "Whether an insurance company owes a duty to provide an insured with a defense to proceedings instituted against him must be determined primarily from the allegations of the complaint. *Ladner & Co. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977). If the injured party's complaint alleges an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured. *Ladner & Co.*, 347 So. 2d at 102."

Jason's Complaint in the underlying action alleges negligent and wanton conduct by the Marlins.  These allegations trigger Travelers duty to defend its insureds. *Id.* ("In this case, the bare allegations in the complaint trigger USF & G's

14

duty to defend its insureds. The duty to pay, however, must be analyzed separately.).

For any and all of the reasons stated above, Jason prays this Court will exercise its discretion by abstaining from this declaratory judgment action.

Respectfully submitted,

/s/ James Michael Perry
**JAMES MICHAEL PERRY (ASB-9843-P34C)**
*Attorney for Defendant Jason Marlin*

**OF COUNSEL:**
**PERRY INJURY LAW**
204 Main St., Suite 203
Trussville, AL 35173
P: (205) 386-1111
F: (205) 278-1440
E: mike@perryinjurylaw.com

15

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2023, a copy of the within and foregoing was served on the following electronically via the CM/ECF system and/or U.S. Mail, postage prepaid and properly addressed, as follows:

Susan H. McCurry, Esq.
Joel S. Isenberg, Esq.
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
*Attorney for Plaintiff Travelers Commercial Insurance Company*


*/s/ James Michael Perry*
**OF COUNSEL**

16