ELECTRONICALLY FILED
4/4/2023 11:04 AM
01-CV-2023-900837.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| JASON MARLIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **CV-2023-900837** |
| v. | ) | |
| | ) | |
| ROBERT MARLIN and DONNA, | ) | |
| MARLIN, | ) | |
| | ) | |
| **Defendants.** | ) | |

DEFENDANT'S
EXHIBIT

**A**

## ANSWER TO FIRST AMENDED COMPLAINT

**COME NOW** the defendants, designated by plaintiff as Robert Marlin and Donna Marlin, by and through the undersigned counsel of record in the above-styled cause of action, pursuant to the Alabama Rules of Civil Procedure and for answer to plaintiff's Complaint states as follows:

## DEFENSES AND AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to defendants in this matter. Defendants therefore assert said defenses in order to preserve their right to assert them. Upon completion of discovery, and if the facts warrant, defendants may withdraw any of these defenses as may be appropriate. Further, defendants reserve the right to amend this answer to assert additional defenses, cross claims, third-party claims and other claims and defenses as discovery proceeds. Further answering and by way of defense and affirmative defense, defendants state as follows:

## RESPONSES TO INDIVIDUAL AVERMENTS

## PARTIES & JURISDICTION

1.    Admit.

2.    Admit.

3.    Admit.

4.    Admit.

5.    Insofar as any allegations are asserted against these defendants in paragraph 5, the same are denied and strict proof is demanded thereof.

6.    Insofar as any allegations are asserted against these defendants in paragraph 6, the same are denied and strict proof is demanded thereof.

## FACTS

7.    Insofar as any allegations are asserted against these defendants in paragraph 7, the same are denied and strict proof is demanded thereof.

8.    Defendants admit that the plaintiff apparently ascended the roof to clean the leaves on the home.

9.    Denied.

10.    Insofar as any allegations are asserted against these defendants in paragraph 10, the same are denied and strict proof is demanded thereof.

11.    Insofar as any allegations are asserted against these defendants in paragraph 11, the same are denied and strict proof is demanded thereof.

12.    Denied.

13.    Denied.

## COUNT I – NEGLIGENCE/WANTONNESS

14.     Defendants reassert and reaver 1 – 13 above.

15.     Denied.

16.     Denied.

17.     Denied.

## DAMAGES

18.     Denied.

19.     Denied.

20.     Insofar as any allegations are asserted against these defendants in paragraph 20, the same are denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The plaintiff's Complaint, or some of the claims asserted therein, fails to state a claim against the defendants upon which relief can be granted.

## SECOND DEFENSE

The defendants aver that they are not guilty of the matters and things alleged in plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

The defendants say the plaintiff was guilty of negligence on said occasion and said negligence proximately contributed to cause his alleged injuries and damages.

## FOURTH DEFENSE

For that on the occasion complained of plaintiff assumed the risk of his injuries and/or damages with knowledge of the dangers involved in the act that he was performing at the time of

the said injuries.

## FIFTH DEFENSE

The defendants aver that the accident complained of was the result of an "efficient intervening cause" and not proximately caused by any alleged negligence on the part of the defendants.

## SIXTH DEFENSE

The condition upon which the plaintiff complains was open and obvious.

## SEVENTH DEFENSE

Said defendants plead the statute of limitations.

## EIGHTH DEFENSE

For that there is no causal connection or relationship between any alleged conduct on the part of the defendants and plaintiff's injuries or damages.

## NINTH DEFENSE

That venue is improper.

## TENTH DEFENSE

Defendants contest the damages complained of by plaintiff.

## ELEVENTH DEFENSE

The plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates the defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the Constitution of the United States and Article I, Section 15 of the Constitution of the State of Alabama, and violates the defendants' rights to substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

Any claim for punitive damages is violative of Article I, Section 6 of the Constitution of the State of Alabama and the due process clause of the Fourteenth Amendment to the United States Constitution because Alabama law does not restrict an award of punitive damages to a reasonable relationship to the actual harm; does not require that punitive damages bear a reasonable relationship to the compensatory damages; allows punitive damages to be awarded based on nominal damages only; allows punitive damages to be awarded vicariously against a principal without a showing of authorization, knowledge or ratification; and allows punitive damages to be awarded under an evidentiary standard less than "beyond a reasonable doubt."

## TWELFTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of § 6-11-21, Code of Ala. (1975).

## THIRTEENTH DEFENSE

The holding of *Henderson v. Alabama Power Co.*, 627 So. 2d. 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to *Good Year Tire & Rubber Co. v. Vinson*, 749 So. 2d 393 (Ala. 1999), and supporting authorities cited therein, which are adopted by reference as if fully set forth herein.

## FOURTEENTH DEFENSE

The doctrine of revival dictates that upon the overruling of *Henderson, supra*, the cap provided by § 6-11-21, Code of Ala. (1975), is applicable to this case which was filed after § 6-11-21 was enacted.

## FIFTEENTH DEFENSE

Defendants aver that any punitive damages award would be subject to the limitations and restrictions as set forth in Ala. Code §6-11-21 (1975).

## SIXTEENTH DEFENSE

The defendants aver jurisdiction is improper.

## SEVENTEENTH DEFENSE

The plaintiff failed to mitigate his damages.

## EIGHTEENTH DEFENSE

Said defendants reserve the right to amend their Answer until all discovery has been completed.

## TRIAL BY STRUCK JURY IS HEREBY DEMANDED

Respectfully submitted,

 /s/A. Joe Peddy
A. Joe Peddy (PED002)
AJP@ssp-law.com


/s/ Leslie M. Hand
Leslie M. Hand (MCF014)
Lhand@ssp-law.com
*Attorneys for Defendants,*
*Robert Marlin and Donna Marlin*

**OF COUNSEL:**
SMITH, SPIRES, PEDDY,
HAMILTON & COLEMAN, P.C.
3500 Colonnade Parkway – Suite 350
Birmingham, Alabama 35243
Telephone: (205) 251-5885
Fax: (205) 251-8642

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alabama Judicial System's E-Filing Website system which will send notification of such filing to the following counsel of record on this the 4th day of April, 2023.

mike@perryinjurylaw.com
James Michael Perry
Perry Injury Law
204 Main St., Suite 203
Trussville, AL 35173

/s/A. Joe Peddy
Of Counsel