UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRAVELERS COMMERCIAL INSURANCE COMPANY,** } } } | |
| Plaintiff, } } | |
| v. } } | Case No.: 2:23-cv-00789-ACA |
| **ROBERT MARLIN, et al.,** } } | |
| Defendants. } | |

## MEMORANDUM OPINION

Plaintiff Travelers Commercial Insurance Company filed this action seeking a declaratory judgment that it owes no duty to defend or indemnify its insureds, Defendants Robert Marlin and Donna Marlin, in an underlying state court lawsuit that the Marlins's son, Defendant Jason Marlin, filed against them. (Doc. 1).

Jason[1] moves to dismiss the complaint, arguing that: (1) the court should exercise its discretion and decline jurisdiction over this action; (2) Travelers's duty to indemnify claim is unripe; and (3) the allegations in the underlying complaint trigger Travelers's duty to defend. (Doc. 12).

---

[1] To avoid confusion, the court will refer to Jason Marlin by his first name.

The court **WILL GRANT** the motion. The court **WILL DISMISS** the duty to indemnify claim as unripe. The court **WILL DISMISS** the duty to defend claim because based on the allegations in the underlying complaint, Travelers has not shown that it is entitled to a declaration that it owes no duty to defend.

**I.     BACKGROUND**

Mr. and Ms. Marlin own a home in Fultondale, Alabama, on which they have a homeowners insurance policy with Travelers. (Doc. 1 at 2 ¶¶ 8–11; doc. 1-1). Mr. and Ms. Marlin's son, Jason, was cleaning leaves from the roof of the home when he fell and suffered injuries. (*Id.* at 2–3 ¶¶ 11–12). Jason then filed suit against Mr. and Ms. Marlin in state court, asserting claims for negligence and wantonness. (*Id.* at 3 ¶ 13; doc. 1-2). Jason's complaint alleges that he was an invitee on Mr. and Ms. Marlin's property. (Doc. 1-2 at 3 ¶ 7, 4 ¶ 16). Jason seeks compensatory and punitive damages. (*Id.* at 4–5). Travelers is currently defending Mr. and Ms. Marlin in the underlying lawsuit pursuant to a reservation of rights. (Doc. 1 at 3 ¶ 17).

Travelers filed this action, seeking a declaration that no coverage exists under the policy for the claims in the underlying litigation because Jason was a relative of Mr. and Ms. Marlin who resided at the insured premises at the time of his fall, making him an "insured" under the policy, and therefore his claims against Mr. and Ms. Marlin are excluded from coverage. (Doc. 1 at 6–8 ¶¶ 22–34; *see also*

*id.* at 9). Specifically, Travelers asks the court to declare that it does not have a duty to defend or indemnify Mr. and Ms. Marlin in the state court action. (*Id.* at 9). Travelers also seeks a declaration that it never owed a duty to defend Mr. and Ms. Marlin and is entitled to reimbursement for all amounts paid in connection with Travelers's defense in the underlying litigation. (*Id.*).

## II. DISCUSSION

Jason moves to dismiss the complaint on grounds that: (1) the court should exercise its discretion and decline to retain jurisdiction over this action; (2) the duty to indemnify claim is unripe; and (3) the underlying complaint alleges an occurrence that comes within coverage of the policy, triggering Travelers's duty to defend. (Doc. 12). Because Jason's second and third arguments entitle him to dismissal of this action, the court does not consider the first argument.

### 1. Ripeness of Duty to Indemnify Claim

Jason moves to dismiss Travelers's duty to indemnify claim because the claim is unripe. (Doc. 12 at 12–14).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "A case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995). If the court lacks subject matter jurisdiction over a claim or

an action, it must dismiss that claim or action. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013).

One aspect of the court's subject matter jurisdiction under Article III is ripeness. *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1202 n.2 (11th Cir. 2021). A claim is not ripe if it is "contingent on future events that may not occur as anticipated, or indeed may not occur at all." *Id*. (alteration and quotation marks omitted). But even if the case meets the "constitutional minimum" for jurisdictional ripeness, "prudential considerations may still counsel judicial restraint." *Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (quotation marks omitted); *see also Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)[2] ("The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a 'case or controversy' within the constitutional sense."). This is because federal courts are prohibited from offering advisory opinions. *Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).

Travelers's request for a declaration regarding its duty to indemnify is not ripe. Travelers has not alleged that a judgment has been entered against Mr. and

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Ms. Marlin in the underlying action, and Travelers does not argue that any judgment is imminent or likely. As Travelers itself argues, Mr. and Ms. Marlin "could obtain a defense verdict" on any number of grounds. (Doc. 14 at 9). And under this Circuit's binding precedent, an insurer's request for a declaration about its duty to indemnify is not ripe until a judgment has been entered against the insured. *See Am. Fidelity & Cas. Co.*, 280 F.2d at 461; *see also id.* at 457–58 ("The damage suits had never been tried. No one had yet paid or become legally liable to pay. Whether anything will be paid or be legally payable, no one, on this record, yet knows."); *Allstate Ins. Co.*, 445 F.2d at 1281 (explaining that *American Fidelity* held "that no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize").

Travelers argues that a finding that it has no duty to defend will necessarily determine that it has no duty to indemnify, and therefore, the duty to indemnify claim is ripe and should not be dismissed. (Doc. 14 at 16–18; *see also* doc. 10 at 2–5). The court acknowledges that the duty to indemnify is narrower than the duty to defend. *See Ladner & Co. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977). But that fact does not mean that a dispute about the insurer's duty to indemnify is ripe simply because a dispute about the insurer's duty to defend is ripe.

In Alabama, the duty to defend can arise in two ways: (1) if the plaintiff in the underlying case "alleges a covered accident or occurrence . . . even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence"; or (2) "[i]f the complaint against the insured does not, on its face, allege a covered accident or occurrence, but the evidence proves one." *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1065 (Ala. 2003). The only way an insurer owes no duty to defend is if the complaint does not allege a covered accident or occurrence *and* "the evidence in the litigation between insurer and insured [fails to] prove a covered accident or occurrence." *Id.* By contrast, the insurer's duty to indemnify depends on "the insured's <u>conduct</u> rather than the allegedly injured person's allegations." *Id.* at 1066 (emphasis added). This is why the Alabama Supreme Court has warned insurance companies "that where a claim potentially may become one which is within the scope of the policy, the insurance company's refusal to defend at the outset of the controversy is a decision it makes at its own peril." *Ladner & Co. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 104 (Ala. 1977) (quotation marks omitted).

An insurer may obtain a declaratory judgment that it owes no duty to defend based on the allegations stated in the underlying complaint, but that declaratory judgment will not protect it from any duty to defend that might arise based on the evidence proved in the underlying case. *See id.* As Judge Hand wrote in an opinion

that the Alabama Supreme Court quoted with favor: "The injured party might conceivably recover on a claim, which, as he had alleged it, was outside the policy; but which, as it turned out, the insurer was bound to pay." *Id.* at 103 (quoting *Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750, 752, 753 (2d Cir. 1949)) (alteration omitted); *see also Tapscott v. Allstate Ins. Co.*, 526 So. 2d 570, 574 (Ala. 1988) ("[T]he allegations on the face of the complaint may not be the same issues and causes of action that are ultimately determined. Thus, what may have begun as a claim for an intentional act, which would not be covered by the insurance policy, could end as a claim for negligence, which would be covered by the insurance policy.").

As a result, any request for a declaratory judgment about an insurer's duty to indemnify is doubly unripe: it is unripe because no judgment yet exists and one might never exist and it is unripe because the actual facts discovered and proved in the underlying case may be different from the facts alleged in the underlying complaint. *See, e.g., Tapscott*, 526 So. 2d at 574 ("[T]he initial determination of coverage is not absolutely binding. If the complaint initially alleges an intentional tort, but is later amended to include an unintentional tort, the insurer might be required to begin defending and to indemnify for that claim."). In short, a finding that an insurer does not have a duty to defend based on the allegations made in the

7

underlying complaint does not necessarily preclude a finding that the insurer must indemnify the insured from the final judgment in the case.

Travelers requests that, if the court finds its request for a declaration the duty to indemnify unripe, the court stay that claim instead of dismissing it. (Doc. 10 at 5–6). The court declines that invitation. As stated above, "[a] case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Publ'g Corp.*, 67 F.3d at 1568. At the time Travelers filed its declaratory judgment complaint, no Article III case or controversy existed with respect to its duty to indemnify. Accordingly, the proper procedure is to dismiss the unripe claim without prejudice.

Therefore, the court **WILL GRANT** Jason's motion to dismiss Travelers's duty to indemnify claim as unripe.

    2.    <u>Duty to Defend Claim</u>

Jason argues that the court should dismiss Travelers's duty to defend claim because his underlying complaint in the state court action alleges an occurrence, triggering Travelers's duty to defend Mr. and Ms. Marlin. (Doc. 12 at 14–15).

Under Alabama law, "[w]hether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined primarily by the allegations contained in the complaint." *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 14 (Ala. 2001) "If the allegedly injured person's

complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence." *Tanner*, 874 So. 2d at 1065 (Ala. 2003).

The underlying complaint alleges that Jason was an invitee at the insured premises. (Doc. 1-2 at 3 ¶ 7, 4 ¶ 16). Travelers alleges in this action that an exclusion precludes coverage for Jason's claims because he was actually a resident at the insured premises. (Doc. 1 at 7–8 ¶¶ 29–33). But the facts as alleged in the underlying lawsuit—that Jason was an invitee—do not show that the exclusion applies. Therefore, Travelers has not shown that it is entitled to a declaration that it owes no duty to defend, and the court **WILL GRANT** the motion to dismiss Travelers's duty to defend claim.

## III. CONCLUSION

The court **WILL GRANT** Jason's motion to dismiss and **WILL DISMISS** Travelers's duty to defend and duty to indemnify claims **WITHOUT PREJUDICE**.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 1, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE